The action was continued for advisement after the argument, and at this term the judgment of the Court was pronounced by
Parker, J.
This action stood over from the last law term in this county, not on account of any difficulty in deciding it, but because the whole time of the Court was occupied in a multitude of more important questions, which were then before them.
We are of opinion that, upon the facts reported, the action, as far as it respects the first count, is not maintained. It is well settled that none can maintain an action of trespass quctre clausum fregit, but he who has possession in fact of the land. Thus one who is disseised can maintain trespass for no act subsequent to that which ousted him from the premises, until he reenters, and then he may sue for all the intermediate acts of trespass. (3) Thus also one *346 who has leased his lands for years, or even at will, cannot maintain trespass against a stranger, for any injury to the possession, while in the actual occupation of his tenant. (4) (a)
Now in the case at bar, Townsend was not only in possession, but was lawfully so, and that under the plaintiff himself, until the judgment of the Court against him. And when the act complained of was done, he had not been amoved, nor had he released, or otherwise surrendered his possession. It is impossible therefore to consider him a trespasser; and if the act done by him was wrongful, the proper remedy is by action in the nature of waste, considering him a tenant at will after the rendition of the judgment, for an injury done to the reversion.
But we apprehend there is another good ground of defence on the facts reported; and that is, that until an execution of the decree of the Court, he had a right to take * down and carry away any buildings erected by him, the materials of which were his own, which were not properly fixtures, or so connected with the soil as that they could not be removed without prejudice to it.
However rigidly the rights of landlords against their tenants may have been construed in ancient times, it is now settled, that in favor of trade, manufactures, and business, buildings erected for those objects may be carried away by those, whose estate is determined ; (5) and Lord Mansfield, in the case of Lawton vs. Salmon, (6) adopts the common sense doctrine, that improvements made by the tenant during his term may be removed by him, if he does not thereby prejudice the estate of his landlord. ■ It is enough for the tenant to say, “ I leave you the land as I found it.” — If this doctrine is advanced in the case of a tenant, who either knows the duration of his own term, or, if a tenant at will, who can abandon the soil when he chooses, and therefore may be said to incur expense by erecting buildings, &c., in his own wrong, a fortiori, it ought to apply to one who has held the estate for many years under a conveyance from the owner, without any expectation that his estate would be defeated by the performance of a condition attached to it; which was the case of the present defendant. — On the first count, therefore, we decide that the defendant is not liable. (b)
On the second count, the facts to be considered are these: — that Townsend held a tenement under certain executions against Taylor, *347 which had been regularly obtained on judgments recovered by certain of his creditors, and ,been duly levied on the tenements, which were afterwards legally transferred to Townsend. The fence taken down by Townsend, which is the act complained of in the second count, was placed by Taylor across a certain part of his land, over which the appraisers had, by the return of their doings in levying the executions, given a right of way to the several creditors, whose executions had been satisfied out of the tenements.
*The action is brought for the destruction of this fence, upon the idea that nothing can be transferred to creditors, of the debtor’s real estate, by the levy of executions, except what is and can be described by metes and bounds, and that the appraisers are not authorized by law to set off an easement, or mere right of passage, and that the creditor can make no title under such levy.
It is certain there is no express authority given by the statute to the sheriff, to cause a mere easement or right of passage to be set off in satisfaction of an execution; nor would a levy upon such an incorporeal right be good, standing by itself; for it is nothing, except in relation to some actual, corporeal property, of which it is a mere incident or quality.
But we are all of opinion, that the power of separating to the creditor’s use, or giving to him, in common with the debtor, the right of passing over land of the debtor not set off, in order that he may have access to the other land of the debtor which is set off, is essen tial to the execution of the statute, according to the intention of the legislature. Cases may often occur, in which, if this power does not exist, the estate levied on may be of no value to the creditor ; unless he should have by law away of necessity over other lands of the debtor; and indeed the very principle, that when a man has no other way from his land to the streets or public ways, he shall have a way over his neighbor’s land from necessity, is sufficient to show an authority in the sheriff and appraisers to give such a privilege, as appurtenant to the land they may set off.
It may be for the convenience of a debtor, that the back part of his land and tenements be set off to his creditor, leaving'him the front, in which he may continue to carry on his business. Now, to refuse to the sheriff and appraisers the power to give a right of passage over land occupied as a yard by the debtor, would be tc oblige creditors in all cases to levy upon that part of the debtor’s real estate, * the loss of which would most injure him ; and perhaps in most instances would deprive him of the power of redeeming.
It sometimes happens that the chambers of a house are sufficient *348 to satisfy an execution, sometimes the lower rooms and cellar ; now, it is absurd to suppose that these may be taken and set off to the creditor, and yet that no passage through the entry and staircase can be given. The power of setting off the estate comprehends the power of giving access to it; for without the latter the former could not be used, and so could not be a subject of appraisement, being of no value.
Undoubtedly the appraisers should consult the interest of the debtor, in establishing the right of ingress and egress to and from his land set off to his creditor, and should confine themselves to what may be necessary for the use and occupation of the property ; and whenever they do find it necessary to give such a privilege, if it should be inconvenient to the debtor, his inducement to discharge his debt, and relieve his land, will be increased.
We are all of opinion, that upon this count also the plaintiff has failed, and that the verdict must be set aside.

Plaintiff nonsuit.

 Com. Dig. Trespass, B. C.

1 Johns. Rep. 511, where the cases to this point are cited. (a) [See note to Starr M. vs. Jackson, 11 Mass. Rep. 527. — Ed.]

 Bull, N. P 34.

 1 H. Black. 259, in notes.

 [Vide Gaffield vs. Hapgood, 17 Pick. 192, and cases cited in the argument. — Ed.]